# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| INFINITY CASUALTY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION FILE NO.<br>)<br>) _____ |
| JOSE CHAVEZ-ROMERO and DAVID & DONNA NELSON, | )<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Infinity Casualty Insurance Company ("Infinity"), by and through undersigned counsel, files this Complaint for Declaratory Judgment, showing the Court as follows:

## I.   INTRODUCTION

1.

This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 to determine and resolve questions of actual controversy involving liability insurance coverage pursuant to a commercial auto policy issued by Infinity to Defendant Jose Chavez, or as he is called in the underlying lawsuit, Jose Chavez-Romero ("Chavez").

2.

Infinity is currently defending Chavez, pursuant to a reservation of rights, in the lawsuit styled *David and Donna Nelson v. Jose Chavez-Romero, et al.*, Civil Action File No. 20-C-06040-S4, pending in the State Court of Gwinnett County, Georgia (the "Underlying Lawsuit").

3.

Based on Chavez's lack of cooperation with Infinity's investigation and defense, Infinity has determined that it does not have a duty to defend or indemnify Chavez in connection with the Underlying Lawsuit.

4.

Therefore, Infinity seeks a declaration from this Court that Infinity has no duty to defend, indemnify, or otherwise pay Chavez under the policy for any defense or indemnification costs associated with the Underlying Lawsuit. Infinity also seeks a declaration that Infinity is permitted to withdraw from Chavez's defense in the Underlying Lawsuit.

## II.   THE PARTIES

5.

Infinity is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located in Chicago, Illinois.

6.

Upon information and belief, Chavez resides at 355 Bell St. SE, Marietta, Georgia 30060-4126 and is a citizen of the State of Georgia within the meaning and intent of 28 U.S.C. § 1332.

7.

Upon information and belief, David and Donna Nelson (the "Nelsons") reside at 717 Dean Road, Suwanee, Georgia 30024 and are citizens of the State of Georgia within the meaning and intent of 28 U.S.C. § 1332.

### III. JURISDICTION AND VENUE

8.

Infinity seeks a declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, which grant the United States District Courts jurisdiction to declare the "right and other legal relations of any interested parties seeking such declaration, whether or not further relief is or could be sought."

9.

Plaintiff and Defendants are citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest, attorneys' fees, and costs. Therefore, this Court also has jurisdiction by virtue of 28 U.S.C. § 1332.

10.

This Court is a proper venue for this declaratory judgment action pursuant to 28 U.S.C. § 1391(a) because Defendants reside in Georgia, and a substantial part of the acts or omissions giving rise to this dispute occurred in Gwinnett County, Georgia, which is in the Northern Judicial District, Atlanta Division, pursuant to 28 U.S.C. § 90(a)(2).

## IV.   FACTUAL BACKGROUND

### A.   The Policy

11.

Infinity is, and during all relevant times has been, in the business of underwriting and issuing policies of insurance and is authorized to transact the business of insurance in the State of Georgia.

12.

Infinity issued a commercial automobile insurance policy bearing Policy No. 510-30001-8172-001 insuring Chavez for the policy period of April 26, 2020 to April 26, 2021 ("the Policy"). A copy of the Policy is attached hereto as Exhibit "A."

13.

The Policy provides: "In the event of an auto accident or loss, you and any person claiming coverage under this policy must . . . [c]ooperate with us in any

matter concerning a claim or suit" and "[a]ttend hearings and trials as we or a court may require." Ex. A, p. 5.

14.

The Policy further provides: "Failure to comply with any and all of the conditions above may result in our refusal to extend to you any protection under this policy for the accident or loss." *Id*.

B.  **The Claim and Infinity's Pre-Suit Investigation of the Claim**

15.

On July 22, 2020, the Nelsons notified Infinity of an accident that occurred on July 14, 2020, involving Chavez and the Nelsons. The Nelsons claimed that David Nelson was injured in the accident and that Chavez was liable for Mr. Nelson's injuries.

16.

On July 23, 2020, Infinity called Chavez and received a message that Chavez was not accepting calls at that time.

17.

Later that day, Infinity called Chavez a second time and received the same message.

18.

On July 24, 2020, Infinity called Chavez a third time and received the same message.

19.

On July 30, 2020, Infinity called Chavez a fourth time and received the same message.

20.

On August 10, 2020, Infinity called Chavez a fifth time and received the same message.

21.

Later on August 10, 2020, Infinity mailed Chavez a reservation of rights letter reserving the right to deny coverage based on non-cooperation.

22.

Later on August 10, 2020, Infinity discovered that Chavez had been arrested and was in jail for hit and run resulting in serious injury, willful obstruction of law enforcement, driving without a valid license, and failure to exercise due control.

23.

Later on August 10, 2020, Infinity spoke with Chavez's criminal attorney and faxed him a copy of the Nelsons' claim regarding the accident.

24.

On August 11, 2020, Infinity called the Gwinnett County jail and got a voice message.

25.

Later on August 11, 2020, Infinity arranged to have someone meet with Chavez at jail, deliver the Nelsons' claim letter and Infinity's reservation of rights letter to Chavez, and obtain information on who was driving the vehicle and whether the person was driving during the course and scope of his employment. However, Infinity discovered that Gwinnett County jail was not allowing on site visitations.

26.

On August 21, 2020, Infinity mailed the reservation of rights letter to Chavez at Gwinnett County jail together with a copy of the Nelsons' claim letter.

27.

On August 30, 2020, Infinity contacted the jail to secure a video call to obtain a statement from Chavez, but Chavez did not respond.

28.

On September 2, 2020, Infinity called Chavez's counsel and left a voice message requesting a return call and stating its adjuster's email address, mailing address, and phone number.

D.  **The Underlying Lawsuit**

29.

On September 10, 2020, the Nelsons filed the Underlying Lawsuit against Chavez and several other defendants in the State Court of Gwinnett County, Georgia.

30.

In the Underlying Lawsuit, the Nelsons allege that Chavez is liable for injuries sustained by David Nelson in the July 14, 2020 accident.

31.

The Nelsons' Underlying Lawsuit against Chavez contains allegations for negligence and negligence per se, including violations of O.C.G.A. sections 40-6-270(a) (hit and run), 40-6-273 (failure to report accident), 40-6-390 (reckless driving), 40-6-394 (serious injury by vehicle), 40-6-241 (distracted driving and using a handheld phone while driving), 40-6-44 (passing on the left), 40-6-46 (improperly passing on the left in a no passing zone), 40-6-49 (following too close), and 40-6-180 (driving too fast for conditions). The Nelsons are seeking to recover for David Nelson's past, present, and future physical and mental pain and suffering arising out of the collision, and all general and special damages.

32.

The Nelsons further allege that Chavez's conduct in operating a large commercial vehicle, looking at his cellphone, and fleeing the scene of a serious

collision shows bad faith and willful, wanton, reckless, and consciously indifferent conduct with an entire want of care, entitling a recovery of punitive damages without cap or limitation as provided by O.C.G.A. § 51-12-5.1.

33.

In the Underlying Lawsuit, Donna Nelson is seeking recovery for her loss of consortium due to her husband's injuries, including anxiety, worry, and loss of society, companionship, and lost income.

34.

David Nelson seeks compensatory damages, including missed work time, past, present, and future lost wages, loss of ability to labor and enjoy life, and general and special damages not less than $5,000,000.

35.

The Nelsons also seek punitive damages and attorneys' fees and costs under O.C.G.A. § 13-6-11 for alleged bad faith, stubborn litigiousness, and consciously indifferent conduct.

36.

On September 29, 2020, Infinity retained defense counsel to defend Chavez in the Underlying Lawsuit.

**E.      Infinity's Continued Investigation of the Accident and Attempt to Defend Chavez in the Underlying Lawsuit**

37.

On September 14, 2020, Infinity's investigator contacted the Gwinnett County jail to set up an interview with Chavez and set up an account with the jail to schedule the interview.

38.

On September 28, 2020, Infinity's investigator confirmed that the interview at the jail was scheduled for October 2, 2020.

39.

Infinity's interview with Chavez was canceled and rescheduled numerous times, with an interview finally scheduled for October 10, 2020.

40.

On October 10, 2020, Infinity's investigator conducted a recorded interview with Chavez via video in Spanish.

41.

During this interview, Chavez stated that he was the owner and driver of the vehicle involved in the accident.

42.

On October 20, 2020, the Nelsons' attorney submitted an offer of settlement and noticed Chavez's deposition for October 29, 2020 at the jail.

43.

On October 21, 2020, Infinity mailed a copy of the offer of settlement to Chavez at the jail.

44.

On October 27, 2020, defense counsel retained by Infinity met with Chavez via video conference.

45.

During this interview, Chavez did not admit to being the driver at the time of the accident.

46.

On November 18, 2020, Infinity rejected the Nelsons' offer of settlement and offered the policy's $25,000 bodily injury limits.

47.

That same day, Chavez was released from jail on bond.

48.

On December 23, 2020, Infinity called Chavez with a Spanish translator.

49.

During this call, Chavez stated that he was the driver and owner of the vehicle involved in the accident.

50.

On March 11, 2021, Infinity received Mr. Nelson's medical bills related to his injuries allegedly caused by the accident.

51.

On July 1, 2022, Infinity called Chavez with a Spanish translator.

52.

Although Chavez initially answered Infinity's call, Chavez terminated the call as soon as the translator introduced the Infinity representative.

53.

Infinity called Chavez again, but Chavez did not answer or return the call.

54.

The court in the Underlying Lawsuit put the case on a trial calendar for the week beginning July 24, 2023.

55.

On July 6, 2023, Infinity called Chavez again with a Spanish translator. The number was no longer in service.

56.

Infinity found another phone number for Chavez and called the new number. However, Chavez did not answer or return the phone call.

57.

Later on July 6, 2023, Infinity sent a letter to Chavez's last known address via certified and regular mail, with a copy to defense counsel, containing a reservation of rights for lack of cooperation.

58.

Infinity also emailed the reservation of rights letter to Chavez's last known email address.

59.

On January 20, 2024, Infinity's investigator called Chavez's phone number several times. Each time, someone picked up the phone and immediately hung up.

60.

On January 21, 2024 and January 24, 2024, Infinity's investigator traveled to Chavez's last known address. Upon arrival, no vehicles were observed, and no one was there.

F.     **Defense Under Reservation of Rights**

61.

On March 13, 2024, Infinity issued another reservation of rights letter to Chavez, in which Infinity stated that it would continue to provide a defense to Chavez for the Underlying Lawsuit under a reservation of rights. A copy of the March 13, 2024 letter is attached hereto as Exhibit "B."

62.

In its reservation of rights letter, Infinity explicitly reserved the right to later withdraw its defense on the basis of the Policy's cooperation condition or other relevant policy provisions.

63.

Infinity is continuing to defend Chavez in the Underlying Lawsuit under a reservation of rights.

## V. REQUEST FOR DECLARATORY RELIEF

64.

Infinity incorporates herein by reference each of its allegations contained in Paragraphs 1-63 above.

65.

This is an action for declaratory judgment to determine and resolve questions of actual controversy concerning Infinity's duty to defend and/or indemnify Chavez with respect to the Underlying Lawsuit.

66.

The Policy's cooperation condition states that, as a condition to coverage, Chavez must cooperate with Infinity in any matter concerning a claim or suit and attend hearings and trials as Infinity or a court may require. Ex. A, p. 5.

14

67.

The Policy further provides that failure to comply with any of the policy conditions, including the cooperation condition, may result in Infinity's refusal to extend to Chavez any protection under the policy for an accident or loss. *Id*.

68.

Despite Infinity's numerous attempts to contact Chavez – through phone, mail, and in-person – to elicit necessary information regarding Chavez's defense, Chavez has failed to respond or even acknowledge any such attempt. This lack of cooperation has made it impossible for Infinity to properly conduct its investigation of the claim or provide Chavez with an adequate defense against the Underlying Lawsuit.

69.

Infinity is, therefore, not obligated to defend or indemnify Chavez under the Policy for the claims asserted against him or for any judgment that may be entered against him in the Underlying Lawsuit.

WHEREFORE, Infinity respectfully requests that judgment be entered in this action:

(a) declaring that Infinity has no duty to defend, indemnify, or otherwise pay Chavez in connection with the Underlying Lawsuit;

(b) declaring that Infinity is permitted to withdraw from the defense of Chavez in the Underlying Lawsuit;

(c) awarding Infinity attorneys' fees and costs incurred in this action; and

(d) declaring that Infinity is entitled to such further relief as the Court deems proper, just, and equitable.

Respectfully submitted this 7th of November, 2024.

/s/ *Alycen A. Moss*
Alycen A. Moss
Georgia Bar No. 002598
Elliot Kerzner
Georgia Bar No. 225221
Cozen O'Connor
The Promenade, Suite 400
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 572-2052
Facsimile: (877) 728-1396
E-mail: amoss@cozen.com
E-mail: ekerzner@cozen.com

*Attorneys for Plaintiff*